UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY SUHOVIC,<br><br>    Plaintiff,<br><br>v.<br><br>JASON MEYERS, JAMYER TRUCKING, "JOHN DOES 1-5," and "ABC COMPANIES 1-5', (all being fictitious designations),<br><br>    Defendants. | Hon. Claire C. Cecchi<br>Civil Action No. 12-cv-3779 (CCC-JAD)<br><br>**Report and Recommendation** |

JOSEPH A. DICKSON, U.S.M.J.

    This matter comes before the Court upon plaintiff Amy Suhovic's ("Plaintiff") motion to remand this case from the District of New Jersey to the Superior Court of New Jersey, Bergen County, Law Division pursuant to 28 U.S.C. § 1447 (the "Motion to Remand"). The Motion to Remand was referred to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After having considered the parties' submissions, and for good cause shown; and

    **WHEREAS** this matter was originally filed by Plaintiff on or around March 20, 2012 in the Superior Court of New Jersey, Bergen County, Law Division; and

    **WHEREAS** defendants Jason Meyers and Jamyer Trucking (together, "Defendants") removed the matter to this District on or about June 20, 2012 pursuant to 28 U.S.C. § 1446(a), with subject matter jurisdiction based on the existence of diversity pursuant to 28 U.S.C. § 1332(a); and

**WHEREAS** Plaintiff filed the instant Motion to Remand on July 27, 2012, seeking to remand this action to the Superior Court of New Jersey, Bergen County, Law Division pursuant to 28 U.S.C. § 1447 based upon Defendants' alleged failure to establish that the amount in controversy exceeds $75,000; and

**WHEREAS** the law in the Third Circuit does not impose upon a removing party a requirement that it prove to a legal certainty that the plaintiff can recover $75,000, but rather that the removing party demonstrate that recovering over $75,000 is not foreclosed by the allegations of the complaint, see Adamczewski v. Emerson Electric Co., et al., No. 10-04862, 2011 WL 1045162, at *2 (D.N.J. March 22, 2011) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586 (1938) ("Under *Red Cab,* a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000–a substantially different standard."); and

**WHEREAS** the Complaint alleges that Plaintiff "suffered severe and permanent injuries, was disabled and disfigured, has suffered and will continue to suffer great pain and torment, both mental and physical" and that Plaintiff "has been, and will be in the future, compelled to spend great and diverse sums of money for medical aid and treatment, and has been, and will be, prevented from attending to her usual occupation, duties, activities and business"; and

**WHEREAS** records provided to the Defendants' insurer indicate that Plaintiff is claiming extensive injuries to her cervical and lumbar spine and left knee, as well as that Plaintiff has undergone numerous MRI studies and treated with several physicians; and

**WHEREAS** the pleadings in this action do not make it apparent, to a legal certainty, that Plaintiff cannot recover more than $75,000 for her alleged harm;

**IT IS** on this 24th day of **September, 2012,**

**RECOMMENDED** that Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447 be **denied**.

JOSEPH A. DICKSON, U.S.M.J.

cc:   Honorable Claire C. Cecchi, U.S.D.J.

3